IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL FRIEND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 0188 |
| | ) | |
| v. | ) | |
| | ) | |
| MARGARET LALLEY, Individually and As Principal of Dawes School, and the CHICAGO BOARD OF EDUCATION, | ) ) ) | Judge CASTILLO |
| | ) | Magistrate DENLOW |
| | ) | |
| Defendants. | ) | |

**FILED** JUL 2 0 2001 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**DOCKETED** JUL 2 3 2001

## NOTICE OF FILING

TO: Taryn Springs, Esq.
Allen Wall, Esq.
Chicago Board of Education
Law Department
125 S. Clark Street, Suite 700
Chicago, IL 60603

David A. Hemenway, Esq.
Chicago Board of Education
Law Department
125 S. Clark Street, Suite 700
Chicago, IL 60603

**PLEASE TAKE NOTICE** that on the 20th day of July, 2001, we filed the Plaintiff's THIRD AMENDED COMPLAINT in the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto.

GOLDMAN & EHRLICH

## PROOF OF SERVICE

I, Jonathan C. Goldman, an attorney on oath, state that I served this notice by mailing a copy to TARYN SPRINGS, ALLEN WALL and DAVID A. HEMENWAY at the above address and depositing the same in the U.S. mail at 19 South LaSalle Street, Chicago, Illinois 60603, at or about 5:00 p.m. on July 20, 2001, with proper postage prepaid.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312) 332-6733

91122

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL FRIEND, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 0188 |
| ) | |
| v. ) | Jury Demanded |
| ) | |
| MARGARET LALLEY, Individually and ) | Judge Castillo |
| As Principal of Dawes School, and the ) | |
| CHICAGO BOARD OF EDUCATION, ) | Magistrate Denlow |
| ) | |
| Defendants. ) | |

FILED
JUL 20 2001
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 23 2001

## THIRD AMENDED COMPLAINT

**NOW COMES** the Plaintiff, CAROL FRIEND, by and through her attorneys, GOLDMAN & EHRLICH, and as her third amended complaint against the Defendant, MARGARET LALLEY, states as follows:

1. This is a Complaint pursuant to 42 U.S.C. §1983 alleging Defendant LALLEY violated the Plaintiff's First Amendment rights to free speech when LALLEY discharged the Plaintiff in retaliation for the Plaintiff's speech on matters of public concern.

2. The Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983.

3. The Plaintiff demands a trial by Jury.

4. Venue is proper in the Northern District of Illinois, Eastern Division because the alleged acts occurred therein.

5. The Plaintiff, CAROL FRIEND, is a citizen of the United States and a resident of Illinois.

6. At all relevant times, the Defendant, MARGARET LALLEY is an individual employed as the Principal of Dawes Chicago Public School.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

7. Between 1996 and May 13, 1999, the Plaintiff was employed by the CHICAGO BOARD OF EDUCATION at the Dawes School as a Parent Patrol Volunteer, a compensated position. The Plaintiff's child also attended Dawes School from about 1993 until June 1999.

8. The Plaintiff performed a number of duties as Parent Patrol Volunteer, including but not limited to assisting other teachers, maintaining the uniform closet, monitoring the pop machine, and helping with test proctoring and special projects. At various times during the Plaintiff's employment, LALLEY had repeatedly assured the Plaintiff that she would be offered a regular, full time teaching assistant position when one became available.

9. During the time that the Plaintiff's child attended school at Dawes, he was subjected to teasing, intimidation, threats and physical violence by other students. The Plaintiff was made aware of these incidents and reported them to LALLEY, the teachers and others in positions of authority at Dawes. LALLEY, as principal of the school, was ultimately responsible for the discipline of students. LALLEY failed to take appropriate steps to stop the incidents from happening.

10. The Plaintiff also witnessed teacher on student violence and on one occasion witnessed a teacher in a compromising situation with a student. She reported these incidents to LALLEY, teachers and others in position of authority, but nothing was done.

11. In response to the above situations, and because LALLEY failed to take remedial action in the above situations, the Plaintiff became especially vocal during the winter and spring of 1999, about the rights, safety and protection of children in general. In particular, she was critical of LALLEY'S failure to follow the CHICAGO BOARD OF EDUCATION's disciplinary policy regarding student on student violence. On many occasions, but in particular on May 12, 1999, the Plaintiff voiced her opinions and spoke out on these matters of public concern to the administration, parents and to the Chicago Police.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

2

12. The Plaintiff's speech to third parties about the rights, safety and protection of children is protected by the First Amendment to the Constitution of the United States. LALLEY was aware of the Plaintiff's protected speech because LALLEY was present on several occasions when the Plaintiff exercised her free speech rights.

13. In retaliation for the Plaintiff's exercise of her First Amendment rights, on May 12, 1999, MARGARET LALLEY told the Chicago Police and other parents in attendance that the Plaintiff was "crazy," thereby publicly humiliating the Plaintiff. In addition, in retaliation for the Plaintiff's exercise of her free speech rights, on May 13, 1999, LALLEY through employee Mary Dixon, discharged the Plaintiff from her position at Dawes School.

14. The Plaintiff was stigmatized by LALLEY's conduct and as a direct result, has been unable to obtain the promised position of full time teaching assistant and has been prevented from obtaining another employment position outside of the school.

15. At all relevant times, LALLEY acted under color of state law in depriving the Plaintiff of her liberty interests and rights to protection under the First and Fourteenth Amendments to the Constitution.

16. LALLEY's conduct constitutes a violation of the First Amendment to the Constitution and 42 U.S.C. § 1983.

17. The Plaintiff was not represented by a union and the Plaintiff has no other administrative remedies available to her.

18. As a direct result of the Defendants' conduct, the Plaintiff has lost wages and is expected to continue to lose wages and benefits in the future.

19. The Plaintiff has also suffered embarrassment, humiliation, mental anguish and other physical and mental injuries entitling her to compensatory damages.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

3

20. In addition, LALLEY knew that she was violating the Plaintiff's constitutional rights when she publicly humiliated the Plaintiff and discharged her in retaliation for the Plaintiff's speech on matters of public concern. LALLEY's conduct was performed knowingly, intentionally and maliciously, by reason of which the Plaintiff is entitled to an award of punitive damages.

21. Pursuant to 42 U.S.C. § 1988, the Plaintiff is entitled to an award of costs and attorney's fees.

**WHEREFORE**, the Plaintiff requests that this court enter judgment in favor of the Plaintiff and against LALLEY in her individual capacity and order the following relief:

    A. Back pay and front pay for the lost wages and future lost wages of the Plaintiff;

    B. Compensatory damages;

    C. Punitive damages;

    D. Costs and reasonable attorneys' fees; and

    E. Any other and further relief as this court deems just.

*[signature]*

GOLDMAN & EHRLICH,
as Attorneys for CAROL FRIEND

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

4